IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY YAWN,
Inmate No. 075508,
    Plaintiff,

vs.                                      Case No.: 5:13cv228/RH/EMT

SECRETARY OF DEPARTMENT OF
CORRECTIONS, MR. JOHNSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Motions to Dismiss filed by Defendants Darryl O'Bryan and Walt A. Mathews (ECF No. 97) and by Defendant Walter McNeil (ECF No. 98). Plaintiff has filed memoranda in opposition (ECF Nos. 134, 133, respectively).

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and

citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject

to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

In both motions to dismiss, all three Defendants move for dismissal of Plaintiff's complaint against them in their official capacities as officers of the State of Florida. Actions against state officials in their official capacities are in essence suits against the state, and that these suits are generally barred by the Eleventh Amendment. *See* Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100–02, 104 S. Ct. 900, 908–09, 79 L. Ed. 2d 67 (1984). While the text of the Eleventh Amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *See* Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. *See* Will, 491 U.S.

58; Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing Gamble v. Fla. Dept. of Health and Rehab. Servs., 779 F.2d 1509, 1513–20 (11th Cir. 1986)).  It is additionally clear that Florida has not waived its Eleventh Amendment immunity from suit in federal court.  *See* Fla. Stat. § 768.28(18).

While Eleventh Amendment immunity does not apply to official capacity claims that seek prospective injunctive relief to remedy or curtail future violations of federal constitutional law, *see* Edelman, 415 U.S. at 664–71, Plaintiff seeks only monetary damages in his complaint and therefore does not seek this type of relief.  The court accordingly finds that Plaintiff's claims against these Defendants in their official capacities are subject to dismissal.  In so finding, the court notes that the complaint also names Defendants in their individual (personal) capacities as well.  Eleventh Amendment immunity does not shield state officers from suits for damages in their individual capacities.

As it pertains to Defendant Walter McNeil's motion to dismiss in particular, he asserts that Plaintiff's claim against him is really a claim of negligence.  Defendant

draws this conclusion from the fact that Plaintiff "continually uses the language of tort," with terms such as "knew or should have known" and "dangerous condition" throughout the allegations of the complaint. Defendant therefore urges dismissal, arguing that Plaintiff is therefore pursuing a state law tort claim of negligence, which is not actionable under state or federal law. Defendant cites to Florida Statutes, Section 768.28(9)(a), to state that claims of negligence against state actors under state law can only be pursued against the agency itself. In response, Plaintiff asserts that his claim is not one of mere negligence but one meeting the statutory exception for when a defendant acts "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

If Plaintiff allegations indeed meet this "bad faith" exception, then according to the statute he may bring his claim individually against Defendant McNeil. *See* Fla. Stat. § 768.28(9)(a).[1] The argument is academic, however, because the court detects no intention from Plaintiff to file a claim under this statute—tort, bad faith or

---

[1] The statute provides that "[n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant" unless the above-described exception is established, and it further provides that "[t]he exclusive remedy . . . shall be by action against the governmental entity, or the head of such entity in her or his official capacity," unless, again, the above-described exception is established, in which case "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . ." Fla. Stat. § 768.28(9)(a).

Case No.: 5:13cv228/RH/EMT

otherwise—against any of the Defendants in this action. The court finds no mention whatsoever of Section 768.28, or of any other state law, in the fourth amended complaint, and in Plaintiff's Statement of Claims section he distinctly asserts claims of deliberate indifference to his medical needs under the Eighth Amendment. Thus, although Plaintiff may have generally used terms ordinarily associated with negligence actions or even have used the word itself, this is not controlling, nor is the fact that Plaintiff responded to Defendant McNeil's argument regarding Section 768.28 with argument of his own.

      The court is mindful that a pro se party's allegations must be read and construed in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Misuse of legal terms should not be a basis for dismissal of a claim. However, the court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." Allaben v. Howanitz, 579 F. App'x 716, 718 (11th Cir. 2014) (quoting Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)). Here, it cannot fairly be said that Plaintiff intended to pursue a Section 768.28 claim, and the court should not graft one into the complaint. *See* Henke v. U.S., 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted

pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be"). Thus, Plaintiff's claim against Defendant McNeil remains one of deliberate indifference, and because Defendant does not challenge whether the allegations of the complaint meet the appropriate Eighth Amendment standards, the claim should not be dismissed.

However, Defendants Darryl O'Bryan and Walt A. Mathews do move for dismissal on grounds that Plaintiff's Eighth Amendment allegations of deliberate indifference fall short of establishing an actionable claim. In summary, Plaintiff alleges that on July 16, 2010, while he was eating lunch in the "chow hall" at Calhoun Correctional Institution where he was incarcerated at all times relevant to the complaint, the 300-pound concrete table at which he was seated broke and fell upon him, causing injuries to his back as well as his head, neck, and collarbone areas (ECF No. 76 at 7–10). As is relevant to this motion to dismiss, Plaintiff was taken to the medical department following the incident, where he alleges Defendant Nurse Niedzwiec (who has separately filed a motion to dismiss for which Plaintiff's response is still pending) admitted and saw him (ECF No. 76 at 17–18). According to Plaintiff, Nurse Niedzwiec stated she saw nothing wrong with Plaintiff, insinuated that he was faking his injuries, refused him any sort of medical treatment, and ordered him to

return to his dormitory which was approximately 80 yards away (*id.* at 18). When Plaintiff refused initially to leave, Nurse Niedzwiec summoned Defendant O'Bryan who, despite being informed by Plaintiff that Plaintiff was in excruciating pain and was being denied medical treatment by Nurse Niedzwiec, reinforced the nurse's directive that he either return to the dormitory or be placed into solitary confinement (*id.*). Plaintiff then complied and, with aid from other inmates, was able to return to his cell (*id.* at 20).

Plaintiff then alleges that approximately a week later, on July 22, 2010, he was seen by Defendant Nurse Mathews who "conducted a fracture/sprain assessment" on Plaintiff (ECF No. 76 at 22). Defendant Mathews similarly remarked that Plaintiff was faking his injuries, refused to give him pain medication, and ordered him to leave (*id.*). Defendant Mathews refused to allow Plaintiff to see a doctor on that day but did arrange an appointment for July 26, four days later (*id.*).

On August 3, 2010, Plaintiff was again seen by Defendant Mathews for a "back pain assessment" which, according to Plaintiff, Defendant Mathews is not qualified to perform. Defendant Mathews again commented that there was nothing wrong with Plaintiff and that he was malingering, and he denied Plaintiff crutches or any other such device to help him walk (*id.* at 23).

Plaintiff claims that because of the above incidents and other delays in receiving proper medical care, he suffered numerous injuries including permanent nerve and disc damage to his vertebrae, and he now has to use a four-wheel walker and a back brace (*id.* at 21).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference in violation of the Eighth Amendment. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). A delay in providing medical treatment can also constitute deliberate indifference, Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), but the inmate must be able to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment . . . ." Townsend v. Jefferson Cnty., 582 F.3d 1252, 1259 (11th Cir. 2009). "Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem." *See* Youmans v. Gagnon, 626 F.3d 557, 561 (11th Cir. 2010); *see also* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively

serious deprivation requires showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995). In delay of treatment cases, relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert v. Lee Cty., 510 F.3d 1312, 1327 (11th Cir. 2007).

While it is true that in order to establish his claim Plaintiff must present verifying medical evidence to show that delay in medical attention constituted deliberate indifference, submission of evidence is not appropriate at this stage of the proceedings. It is enough at this juncture—in the context of a motion to dismiss under Rule 12(b)(6)—for Plaintiff to plausibly allege that the inattention to his medical needs caused him his current medical problems or at least seriously exacerbated them. Based upon his allegations, it is plausible to find that Plaintiff received what amounted to no treatment at all from Defendant Mathews, and so the court cannot conclude that Plaintiff fails to state a claim against Defendant Mathews. The claim against Defendant O'Bryan is a closer call because evidently he was/is a corrections officer and not a medical professional. Normally it is not deliberate indifference for non-

medical personnel to rely on information and direction provided by qualified medical professionals in carrying out their duties. Unless the lay officer could have reasonably deduced that following such medical direction was wrong and would result in substantive harm to the inmate, the officer should not be subject to liability. *See* Townsend v. Jefferson Cnty., 601 F.3d 1152, 1159 (11th Cir. 2010) (affirming verdict of no liability where plaintiff had not "presented evidence that her situation was so obviously dire that two lay deputies must have known that a medical professional had grossly misjudged [the prisoner's] condition"); *see also* Bauer v. Kramer, 424 F. App'x 917, 919 (11th Cir. 2011) (finding no deliberate indifference where a nurse followed a doctor's orders to provide medication to an inmate, in the absence of any indication that it was objectively unreasonable to do so); Holloway v. Delaware County Sheriff, 700 F.3d 1063, 1075 (7th Cir. 2012) (holding that nurses may generally defer to instructions given by physicians unless it is clear that doing so will likely cause significant harm to the inmate).

Nonetheless, given Plaintiff's allegations that at the time he was in significant pain, that he had endured a substantial accident, and that he was visibly infirm, struggling to even walk, it is at least a colorable claim that Defendant O'Bryan's unquestioned and uniform compliance with the directions of Nurse Niedzwiec was not

reasonable under the circumstances.[2]  Therefore, the court finds that Plaintiff has not failed to establish a viable claim as to Defendant O'Bryan.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the Motions to Dismiss filed by Defendants Darryl O'Bryan and Walt A. Mathews (ECF No. 97) and by Defendant Walter McNeil (ECF No. 98) be **GRANTED** only to the extent that all of Plaintiff's claims against them in their official capacities be **DISMISSED** and that the Motions be **DENIED** in all other respects.

At Pensacola, Florida, this 25<u>th</u> of May 2017.

                /s/ *Elizabeth M. Timothy*
                **ELIZABETH M. TIMOTHY**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] The court notes Plaintiff's additional allegation that Defendant O'Bryan met with Nurse Niedzwiec privately before O'Bryan decided to follow her instructions.

Case No.: 5:13cv228/RH/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**