IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY YAWN,
Inmate No. 075508,
    Plaintiff,

vs.                                                 Case No.: 5:13cv228/RH/EMT

SECRETARY OF DEPARTMENT OF
CORRECTIONS, MR. JOHNSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon a Motion to Dismiss filed by Defendant Andro Johnson (ECF No. 125). Plaintiff has filed a response (ECF No. 138).

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and

conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).

Defendant Johnson first moves for dismissal of Plaintiff's complaint against him in his official capacity as an officers of the State of Florida. Actions against state officials in their official capacities are in essence suits against the state, and these suits are generally barred by the Eleventh Amendment. *See* Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100–02, 104 S. Ct. 900, 908–09, 79 L. Ed. 2d 67 (1984). While the text of the Eleventh Amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *See* Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. *See* Will, 491 U.S. 58; Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of

Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing Gamble v. Fla. Dept. of Health and Rehab. Servs., 779 F.2d 1509, 1513–20 (11th Cir. 1986)). It is additionally clear that Florida has not waived its Eleventh Amendment immunity from suit in federal court. *See* Fla. Stat. § 768.28(18).

While Eleventh Amendment immunity does not apply to official capacity claims that seek prospective injunctive relief to remedy or curtail future violations of federal constitutional law, *see* Edelman, 415 U.S. at 664–71, Plaintiff seeks only monetary damages in his complaint and therefore does not seek this type of relief. The court accordingly finds that Plaintiff's claims against this Defendant in his official capacity are subject to dismissal. In so finding, the court notes that the complaint also names Defendant in his individual (personal) capacity as well. Eleventh Amendment immunity does not shield state officers from suits for damages in their individual capacities.

Defendant Johnson next asserts that Plaintiff's claim against him is really a claim of negligence. Defendant draws this conclusion from the fact that Plaintiff "continually uses the language of tort," with terms such as "knew or should have known" and "dangerous condition" throughout the allegations of the complaint.

Defendant thus urges dismissal, arguing that Plaintiff is pursuing a state law tort claim of negligence, which is not actionable under state or federal law.  Defendant cites to Florida Statutes, Section 768.28(9)(a), to state that claims of negligence against state actors under state law can only be pursued against the agency itself.  In response, Plaintiff asserts that his claim is not one of mere negligence but one meeting the statutory exception for when a defendant acts "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).

    However, the court detects no intention from Plaintiff to file a claim under this state statute—tort, bad faith, or otherwise—against any of the Defendants in this action, including Defendant Johnson.  The court finds no mention whatsoever of Section 768.28, or of any other state law, in the fourth amended complaint, and in Plaintiff's Statement of Claims section he distinctly asserts claims of deliberate indifference to his medical needs and to a substantial risk of serious harm under the Eighth Amendment.  Thus, although Plaintiff may have generally used terms ordinarily associated with negligence actions or even have used the word itself, this is not controlling.

The court is mindful that a pro se party's allegations must be read and construed in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990). Misuse of legal terms should not be a basis for dismissal of a claim. However, the court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." <u>Allaben v. Howanitz</u>, 579 F. App'x 716, 718 (11th Cir. 2014) (quoting <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006)). Here, it cannot fairly be said that Plaintiff intended to pursue a Section 768.28 claim, and the court should not graft one into the complaint. *See* <u>Henke v. U.S.</u>, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). Thus, Plaintiff's claims remain that of deliberate indifference.

Defendant also moves for dismissal of Plaintiff's Eighth Amendment claim on grounds that the allegations do not demonstrate that Defendant was deliberately indifferent to any serious risk of harm to Plaintiff but was at most negligent. In summary, Plaintiff alleges that on July 16, 2010, while he was eating lunch in the "chow hall" at Calhoun Correctional Institution ("CCI") where he was incarcerated

Case No.: 5:13cv228/RH/EMT

at all times relevant to the complaint, the 300-pound concrete table at which he was seated broke and fell upon him, causing injuries to his back as well as his head, neck, and collarbone areas (ECF No. 76 at 7–10). Plaintiff alleges that, although the table was welded to the floor, it was "hanging on by a little metal and welding" and "teetering back and forth" (ECF No. 76 at 8).

At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986). As is particularly relevant here, the Eleventh Circuit has held:

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114

S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979.

Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

During review of Plaintiff's earlier-filed second amended complaint pursuant to 28 U.S.C. § 1915(e), this district court stated:

A table could be so obviously defective that an officer might infer it would break, and a table could be so heavy that an officer might infer that if it broke someone would be injured. The second amended complaint alleges that this is exactly the situation here. The allegation seems unlikely, but it is not implausible. It happens from time to time that an officer knows about a dangerous condition but fails to address it.

(ECF No. 73 at 3).

As it pertains to Defendant Johnson, the warden at CCI during the time of the alleged events, Plaintiff's fourth amended complaint additionally asserts that: (1) it was common knowledge among the staff and administrators that the tables in the mess hall were in disrepair and would break and fall on prisoners during meals; (2) Defendant Johnson knew or "had to know" that the tables were breaking and injuring inmates over the span of several years because of the many injuries and incident

reports that were filed; and (3) Defendant frequently inspected the chow hall where these tables were located, both by himself and in the company of a safety inspector who visited CCI once a month (ECF No. 76 at 13–16).

Based on these allegations, the court finds that Defendant Johnson was sufficiently aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed. As Defendant could therefore be found to have been deliberately indifferent, as opposed to negligent, Plaintiff's claim should not be dismissed.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Defendant Andro Johnson's Motion to Dismiss (ECF No. 125) be **GRANTED** only to the extent that all of Plaintiff's claims against him in his official capacity be **DISMISSED** and that the Motion be **DENIED** in all other respects.

At Pensacola, Florida, this <u>16th</u> of June 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**