**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ANTHONY YAWN,

      Plaintiff,

v.                                                CASE NO. 5:13cv228-RH/EMT

SECRETARY OF DEPARTMENT OF
CORRECTIONS et al.,

      Defendants.

_____/

**ORDER DISMISSING THE OFFICIAL-CAPACITY CLAIMS AND
DENYING THE REMAINDER OF THE MOTIONS TO DISMISS**

This is a prisoner civil-rights case. In the fourth amended complaint, the plaintiff Anthony Yawn seeks an award of damages under 42 U.S.C. § 1983 against multiple defendants—all affiliated with the Florida Department of Corrections—in their official and individual capacities. Mr. Yawn alleges that a 300-pound concrete table in the dining hall broke and fell on him, causing injuries and eventually leading to back surgery. He alleges that other tables had broken this same way, injuring other inmates, that this table was hanging on by a little metal and welding but was teetering, that correctional officials knew this, and that indeed

the dangerous condition of the tables was common knowledge throughout the facility. Mr. Yawn alleges that he was seriously injured but that nurses and later a doctor were deliberately indifferent to his injuries, exacerbating his condition.

Nine defendants—the warden, other correctional officials and employees, the nurses, and the doctor—have filed six motions to dismiss. The magistrate judge has entered two reports and recommendations addressing three of the motions. The deadline for objections to one report and recommendation has passed. The parties on both sides have had a full and fair opportunity to address the issues raised by the motions. The reports and recommendations are adopted as the further opinion of the court.

The motions to dismiss raise two issues. The first is whether Mr. Yawn can proceed against any defendant in the defendant's official capacity. As correctly set out in the reports and recommendations, the answer is no. Mr. Yawn's claim for damages against state officers or employees in their official capacities are barred by the Eleventh Amendment. This order dismisses all the official-capacity claims.

The second issue is whether the fourth amended complaint states a claim on which relief can be granted. Although the parties have sometimes joined issue on whether the fourth amended complaint adequately states a state-law negligence claim, the fourth amended complaint does not purport to assert such a claim. It

asserts instead only a claim under 42 U.S.C. § 1983. It is far too late to assert a new claim, and Mr. Yawn has not attempted to do so.

To state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint states a claim, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

"An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.' " *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)), *abrogated on other grounds by Twombly*, 550 U.S. at 561-63; *see also Harmon v. Berry*, 728 F.2d 1407 (11th Cir. 1984). Under *Farmer*, "the official

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." 511 U.S. at 837 (emphasis added). An official who commits a violation may be held liable. And an official who knows a constitutional violation is occurring and is in position to stop it, but who instead stands idly by, also may be held liable. A prison nurse or doctor may be held liable under the same deliberate-indifference standard—a standard that requires substantially more than a difference of opinion or medical negligence.

A table could be so obviously defective that an officer might infer it would break, and a table could be so heavy that an officer might infer that if it broke someone would be seriously injured. The fourth amended complaint alleges that this is exactly the situation here. The allegation seems unlikely, but it is not implausible. It happens from time to time that an officer knows about a dangerous condition but fails to address it. And while it seems unlikely that each of these defendants either caused the constitutional violation or was in a position to stop it, the allegation that any specific defendant had that role is not implausible.

Similarly, it apparently is uncontested that Mr. Yawn was seen by the defendant nurses and doctor and that some care was provided. It seems likely that the case presents at most a disagreement about the care that was called for—a disagreement falling far short of a constitutional violation. But the fourth amended

complaint alleges that Mr. Yawn had an obvious back injury—an injury that eventually led to surgery—and that the nurses and doctor in effect refused to treat it. One cannot know, based only on the allegations of the fourth amended complaint, whether Mr. Yawn had a serious medical need and, if so, whether the nurses and doctor (1) provided proper care or (2) were merely negligent or (3) were deliberately indifferent to a serious medical need. The allegation of deliberate indifference is not implausible.

Prison nurses and doctors deal with a high volume of patients in difficult circumstances. Many imprisoned or detained patients demand treatment that is unwarranted. The nurses and doctors often provide good care. But sometimes prison nurses and doctors are not only negligent but deliberately indifferent to serious medical needs. Mr. Yawn's allegation that that happened here cannot be rejected based solely on the pleadings. And the allegation that that happened plausibly suggests, it is not merely consistent with, Mr. Yawn's entitlement to relief against the nurses and doctor. *Twombly*, 550 U.S. at 557.

The bottom line is this. One cannot know from this record whether any defendant was deliberately indifferent to a substantial risk of serious harm. The claims against defendants in their individual capacities cannot be dismissed at this time. This order directs the clerk to set a scheduling conference before me so that a trial date can be set and any necessary pretrial proceedings can be scheduled. A

subject of the conference will be whether the case can be tried during the two-week period that begins on September 18, 2017.

For these reasons,

IT IS ORDERED:

1. The motions to dismiss, ECF Nos. 97, 98, 125, 127, 129, and 132, are granted in part and denied in part.

2. All claims against defendants in their official capacities are dismissed based on the Eleventh Amendment. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. Claims against defendants in their individual capacities are not dismissed.

4. The plaintiff's motion, ECF No. 137, to extend deadlines related to motions to dismiss is denied as moot.

5. The clerk must set a scheduling conference by telephone before me for the first available date.

SO ORDERED on June 21, 2017.

                          s/Robert L. Hinkle
                          United States District Judge